UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SANTRISE WHITE, Individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> *Defendant.* | Civil Action No. 5:23-cv-01164 <br><br><br> JURY TRIAL DEMANDED <br><br> CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(2) and (b)(3) |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff—Santrise White—brings this action individually and on behalf of all other adversely affected employees with disabilities (collectively "Plaintiff and the Members of the Putative Classes") who worked for American Airlines, Inc. ("American Airlines"), adversely affected by American Airlines' policies and procedures pursuant to Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101–213 (the "ADA").

**I.
OVERVIEW**

1. Plaintiff White brings this action, individually and on behalf of all others similarly situated, against American Airlines alleging violations of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101–213 (the "ADA").

2. Defendant refuses to engage in its own interactive processes with its employees with disabilities, refuses to accommodate employees with disabilities, impermissibly terminates employees with disabilities, and fails to rehire employees with disabilities.

3. Plaintiff White and the Members of the Putative Classes seek monetary, injunctive, and/or equitable relief, including compensatory and putative damages from American Airlines as a result of its unlawful acts.

4. Plaintiff White also prays that the Rule 23 classes be certified as defined herein, with the Plaintiff White named as the Class Representative of each.

## II.
## THE PARTIES

5. Plaintiff Santrise White is an employee of Defendant American Airlines, and was employed at the time her cause of action accrued. She has worked for Defendant at its San Antonito, Texas location and its Dallas/Fort Worth, Texas location.

6. The Members of the Rule 23(b)(2) Class ("Injunctive Class") are current employees and former employees of American Airlines who: (1) have disabilities within the meaning of the ADA, 42 U.S.C. § 12102(1); (2) are qualified under the ADA, 42 U.S.C. 12111(8); and (3) are subject to American Airlines' illegal policies regarding reasonable accommodations.

7. The Members of the Rule 23(b)(3) Class ("Damage Class") are current employees and former employees of American Airlines who: (1) have disabilities within the meaning of the ADA, 42 U.S.C. § 12102(1); (2) are qualified under the ADA, 42 U.S.C. 12111(8); and (3) have been adversely affected by American Airlines' ADA violating policies and procedures.

8. Defendant American Airlines, Inc. is a Delaware for-profit corporation, licensed to and doing business in Texas, and can be served with process through its registered agent: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 79701-3218.**

# III.
# JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 42 U.S.C. § 12101.

10. This Court has general personal jurisdiction over American Airlines because it maintains its principal office and Texas and Texas qualifies as its home state.

11. This Court has specific personal jurisdiction over American Airlines because the cause of action arose within this District as a direct result of American Airlines conduct within this District.

12. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

13. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

# IV.
# CONDITIONS PRECEDENT AND
# EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. On or about March 10, 2022, Plaintiff White filed a charge of discrimination against Defendants, Charge Number 450-2022-01045, with the Equal Employment Opportunity Commission ("EEOC").

15. On April 25, 2023, Plaintiff White filed an amended charge of discrimination and retaliation against Defendants, Charge Number 450-2022-01045, with the EEOC.

16. On June 20, 2023, the EEOC issued a Notice of Right to Sue in this matter.

17. This Complaint has been filed within 90 days of receipt of the Right to Sue issued by the EEOC.

18. All conditions precedent for the maintenance of this action have been met. Plaintiff White has exhausted her administrative remedies under State and Federal law.

# V.
# ADDITIONAL FACTS

19. American Airlines is a major US-based airline headquartered in Fort Worth, Texas.

20. American Airlines' policies and procedures violate the ADA and adversely affect their disabled employees who benefit from its protections.

21. Plaintiff White has been employed by American Airlines since approximately January 2015.

22. Plaintiff White is person with disabilities under the ADA.

23. Despite her disability, Plaintiff White is qualified to perform her job under the ADA, 42 U.S.C. 12111(8), in that she can perform the duties of her job with reasonable accommodation.

24. American Airlines has refused to engage in the interactive process and American Airlines has refused to timely accommodate Plaintiff White.

25. American Airlines offered Plaintiff White the position of Customer Service Representative ("CSR") in January 2015 at Defendant's Dallas/Fort Worth, Texas ("DFW") location.

26. In April of 2019, Plaintiff White requested accommodations related to her lifetime disability.

27. A chronic symptom of Plaintiff White's disability is lymphedema (swelling due to build-up of lymph fluid) in her legs.

28. As part of the accommodation requested, Plaintiff White requested to be permitted to wear tennis shoes, which were ordinarily against American Airline's dress code.

29. American Airlines wholly ignored Plaintiff White's request and failed to engage in the interactive process with her.

30. Plaintiff White was forced to continue working while her legs swelled in pain.

31. To assist with her ongoing disability, Plaintiff White applied for benefits under the Family Medical Leave Act ("FMLA") on December 14, 2019.

32. American Airlines denied Plaintiff White's FMLA request in March of 2020.

33. At the time of the denial, American Airlines offered (i.e., forced) Plaintiff White a COVID related furlough instead of termination.

34. Desperate to remain employed, Plaintiff White accepted the COVID related furlough.

35. In order to be closer to her specialists, Plaintiff White requested a transfer from the American Airlines San Antonio location to the DFW location.

36. While in San Antonio, Plaintiff White was permitted "light duty" accommodations due to her lifetime disability.

37. As part of the transfer, Plaintiff White requested her light duty accommodations transfer with her.

38. Plaintiff White remained furloughed until April 5, 2021, when she began working at American Airlines' San Antonio location with light duty accommodations.

39. Plaintiff White's transfer was subsequently granted and she began working at American Airlines' DFW location approximately two weeks later.

40. In July 2021, American Airlines placed Plaintiff White on a mandatory (involuntary) medical leave refused to continue Plaintiff White's light-duty accommodations.

41. Plaintiff White again requested a transfer to a clerical position where she could perform administrative work as an accommodation for her disability.

42. Again, American Airlines wholly ignored Plaintiff White's request and failed to engage in the interactive process with her.

43. In February of 2022, American Airlines informed Plaintiff White she was subject to termination for excessive absences.

44. A meeting was held later month whereby American Airlines advised Plaintiff White that they would consider her physicians limitations and attempt to place her on light duty in lieu of terminating her for her "excessive absences."

45. On April 4, 2022, American Airlines denied Plaintiff White's request for accommodation.

46. Instead of granting Plaintiff White's request for reasonable accommodations, American Airlines asked Plaintiff White to provide further medical documentation for the purposes of sustaining an "additional medical leave."

47. Plaintiff White clarified she was not requesting medical leave, she was requesting reasonable accommodations for her lifetime disability.

48. Between April 4, 2022, and October 3, 2022, American Airlines made multiple redundant requests for Plaintiff White to provide additional medical documentation and complete various forms even though there was no such change in her medical conditions nor the related accommodations that were being requested.

49. For the first time, American Airlines provided Plaintiff White with ADA paperwork on or about June 29, 2022.

50. Additionally, American Airlines instructed Plaintiff White to apply for positions that she could perform with restrictions.

51. Between June 29, 2022, and December 2022, Plaintiff White applied for thirteen (13) positions with American Airlines in which she could perform with her restrictions.

52. American Airlines ignored or rejected Plaintiff White's applications, despite her being qualified.

53. American Airlines continued to request additional documentation from Plaintiff White despite there being no changes in her disability, restrictions, or accommodations.

54. On or about December 17, 2022, Plaintiff White was offered a position that would accommodate her restrictions as a Traffic Management Coordinator ("TMC").

55. Plaintiff White returned to work for Defendants as a TMC on January 3, 2023—encompassing a significant delay after she made her formal request for accommodation.

56. Instead of considering reassignment as a reasonable accommodation at the outset, American Airlines delayed accommodating Plaintiff White by requesting unnecessary (and previously provided) medical documentation and required Plaintiff White to apply and compete for vacant positions.

57. Upon Information and belief, American Airlines' treatment is not unique to Plaintiff White.

58. American Airlines has a history and a practice of systemically: failing to engage in the interactive process with its disabled employees requesting reasonable accommodations, including delay tactics; direct denial of requests for reasonable accommodations; and even termination of some of its disabled employees. The employees adversely affected by American Airlines' ADA violating policies and procedures make up the Putative Class Members.

59. Indeed, American Airlines has been on notice that their policies and procedures adversely affect their employees protected by the ADA because of a previously filed lawsuit, alleging American Airlines required employees to have no restrictions before they could return to work following a medical leave. Under its policy, American Airlines refused engaged in the interactive process and refused to permit disabled employees requesting reasonable accommodations to return to work. *Equal Employment Opportunity Commission v. American Airlines, Inc., et al.*, No. 17CV04059 (D. Arizona 2017).

60. Specifically, in the 2017 lawsuit, the EEOC alleged: "Defendants have had a 100% return-to-work policy that requires employees to return to work without restrictions. . . . At all relevant

times, Defendants have had have a policy that requires employees who are no longer able to do their job without reasonable accommodation to find other jobs, apply for other jobs, to compete for other jobs without regard to reassignment as a reasonable accommodation." *Id.* at ¶ 11–12.

61. Although American Airlines has removed its discriminatory "100% return-to-work" Policy from its handbook and employee documents, it continues to practice and enforce the unwritten policy in practice and continues to adversely affect Plaintiff White and the Putative Class Members.

62. Furthermore, American Airlines' policy requiring their employees with disabilities to wait for an accommodating position to open and then requiring them to compete with other employees *without* disabilities for the position also violates the ADA.

63. American Airlines' ADA violating policies adversely affect Plaintiff White and the Putative Class Members who benefit from the protections under the ADA, including but not limited to American Airlines' refusal to engage in the interactive process with employees with disabilities, refusal to accommodate employees with disabilities, and even terminating employees with disabilities.

64. American Airlines is a sophisticated party and employer, and therefore knew (or should have known) their policies and practices are in violation of the ADA.

## **CLASS ALLEGATIONS**

65. Plaintiff White brings these class actions on behalf of herself and the similarly situated Putative Class Members pursuant to Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

66. The Rule 23(b)(2) Class ("Injunctive Class") is defined as:

**All current and former employees of American Airlines who: (1) have disabilities within the meaning of the ADA, 42 U.S.C. § 12102(1); (2) are qualified under the ADA, 42 U.S.C. 12111(8); and (3) are subject to American Airlines' illegal policies regarding reasonable accommodations.**

67. The Rule 23(b)(3) Class ("Damage Class") is defined as:

**All current and former employees of American Airlines who: (1) have disabilities within the meaning of the ADA, 42 U.S.C. § 12102(1); (2) are qualified under the**

**ADA, 42 U.S.C. 12111(8); and (3) have been adversely affected by American Airline's policies regarding reasonable accommodations.**

68. Based on her experiences with American Airlines, Plaintiff White is aware American Airlines' illegal practices were (and continue to be) imposed on the Putative Class Members.

69. The Members of the Putative Classes are similarly situated in all relevant respects.

70. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to protections under the ADA.

71. Therefore, the specific job titles or precise job locations of the various members of the Putative Classes do not prevent class treatment.

72. Rather, the Putative Classes are held together by American Airlines' uniform policy and practice of violating the ADA by refusing to engage in the interactive process with employees with disabilities, refusing to accommodate employees with disabilities, and even terminating employees with disabilities.

73. On behalf of the Putative Class Members of the Injunctive Class, Plaintiff White asks this Court to enjoin American Airlines from violating the ADA by ignoring requests for reasonable accommodations and failing to offer reasonable accommodations, where possible.

74. On behalf of the Putative Class Members of the Damage Class, Plaintiff White seeks to recover monetary damages on behalf of those who have suffered adverse actions by American Airlines in the past.

75. The Members of the Injunctive Class and Damage Class are both so numerous that joinder of all individual members would be impracticable. The disposition of the individual claims of the respective class members through this action will benefit both the parties and this Court.

76. Plaintiff White's claims are typical of the claims of the Members of the Putative Classes. The claims of the Plaintiff White and the Members of the Putative Classes are based on the same legal theories and arise from the same unlawful conduct.

77. Plaintiff White has no interests contrary to, or in conflict with, the Members of the Putative Classes that would prevent class treatment.

78. Like each Putative Class Member of the Injunctive Class, Plaintiff White has an interest in permanently enjoining American Airlines ensure compliance with the ADA.

79. Likewise, Plaintiff White has suffered damages in the past as a result of American Airlines' violations of the ADA, and her interests in recovering monetary damages are aligned with the interests of the Putative Class Members of the Damage Class

80. Class treatment of Plaintiffs' claims is superior to other available means for fair and efficient adjudication of the lawsuit.

81. Absent a class action, many Members of the Putative Classes will not obtain redress for their injuries, and American Airlines will reap the unjust benefits of violating the ADA.

82. Further, even if some of the Members of the Putative Classes could afford individual litigation against American Airlines, it would be unduly burdensome to the judicial system.

83. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Members of the Putative Classes, as well as provide judicial consistency.

84. A single injunction or declaratory judgment would provide relief to each member of the Injunctive Class and would prevent American Airlines from continuing its ADA violating practices.

85. Likewise, the questions of law and fact that are common to each Member of the Damage Class predominates over any questions affecting solely the individual members.

86. There are common questions of fact and law affecting Members of the Damage Class in that they have suffered compensable injury as a result of American Airlines' refusal to engage in the interactive process with employees with disabilities, refusal to accommodate employees with disabilities, and terminating employees with disabilities.

87. Class treatment for the Damage Class is superior to other methods of litigation, and Plaintiff White knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class action.

88. Those similarly situated employees are known to American Airlines, are readily identifiable, and can be located through American Airlines' records.

## VI.
## CAUSES OF ACTION

### COUNT ONE
### Pattern or Practice of Failing to Accommodate Employees
### 42 U.S.C. §§ 12112(a) and (b)(5)(A)

89. Plaintiff White brings her claims under the ADA as Rule 23 class actions.

90. The ADA prevents employers from discriminating against their disabled employees, including but not limited to "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. §§ 12112(a), (b)(5)(A).

91. At all relevant times, American Airlines was a "covered entity" and "employer" subject to the requirements of the ADA. 42 U.S.C. § 12111(2), (5).

92. At all relevant times, Plaintiff White and the Members of the Putative Classes were "employees" of American Airlines within the meaning of the ADA. 42 U.S.C. § 12111(4).

93. At all relevant times, Plaintiff White and the Members of the Putative Classes were "qualified individuals" the meaning of the ADA. 42 U.S.C. § 12111(8).

94. At all relevant times, Plaintiff White and the Putative Class Members requested "reasonable accommodations" the meaning of the ADA. 42 U.S.C. § 12111(9).

95. In violation of the ADA, American Airlines discriminatorily refused to engage in the interactive process with its disabled employees who have requested reasonable accommodations in

the past, including but not limited to timely reassignment, for Plaintiff White and the Putative Class Members.

96. In violation of the ADA, American Airlines discriminatorily refused to provide any accommodations, including but not limited to timely reassignment for Plaintiff White and the Putative Class Members.

97. Upon information and belief, American Airlines discriminatorily terminated disabled employees who have requested reasonable accommodations, including but not limited to timely reassignment, in violation of the ADA.

98. American Airlines' failure to engage in the interactive process and/or provide Plaintiff White and the Putative Class Members with any reasonable accommodation was intentional.

99. American Airlines' failure to provide Plaintiff White and the Putative Class Members any reasonable accommodation was malicious and/or done with reckless indifference to their federally protected rights.

100. The effect of the practices complained of in the foregoing paragraphs has been to deprive Plaintiff White and the Putative Class Members of equal employment opportunities and otherwise adversely affect their status as an employee, because of their disability.

## VII.
## DAMAGES

101. As a direct and proximate result of the wrongful acts and/or omissions of American Airlines, Plaintiff White and the Putative Class Members have suffered damages, including but not limited to past:

      a. Pecuniary loss;

      b. Lost wages, salaries, and/or other benefits;

      c. Lost earning capacity;

      d. Loss of benefits;

e. Loss of use

f. Back pay;

g. Interest on back pay;

h. Out of pocket expenses;

i. Mental anguish damages;

j. Emotional pain and suffering;

k. Loss of enjoyment of life and/or physical impairment;

l. Inconvenience;

m. Other non-pecuniary loss;

n. Compensatory damages;

o. Actual monetary losses;

p. Liquidated and/or statutory damages;

q. Pre and post judgment interest;

r. Other interest allowed by law;

s. Costs of court;

t. Legal expenses, expert fees, and attorneys' fees pursuant to 42 U.S.C. 12117.

# VIII
## INJUNCTIVE AND EQUITABLE RELIEF

102. Plaintiff White and the Putative Members of the Injunctive Class are entitled to injunctive and equitable relief pursuant to law. Plaintiff requests the court provide equitable and injunctive relief including but not limited to: injunction prohibiting American Airlines from engaging in the unlawful employment practices alleged in this complaint, in addition to other equitable relief that may prove to be available.

# IX.
# PRAYER

Plaintiff White prays that Defendant American Airlines be cited to appear and answer and that upon final hearing, Plaintiff White recover judgment against the Defendant for the following:

a.  All actual and nonpecuniary damages resulting from American Airlines' acts and/or omissions;

b.  For an Order certifying the Putative Classes as defined in Paragraphs 66 and 67, and designating Plaintiff White as Representative of the Putative Classes;

c.  Grant a permanent injunction enjoining American Airlines, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against employees or applicants because of disability;

d.  Grant a permanent injunction enjoining American Airlines, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, to engage in the interactive process with all disabled employees requesting reasonable accommodations;

e.  Grant a permanent injunction enjoining American Airlines, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from denying reasonable accommodations requested by its disabled employees;

f.  For an Order awarding damages to Plaintiff White and the Members of the Damage Class;

g.  For an Order awarding punitive damages to Plaintiff White and the Members of the Damage Class for the intentional acts of American Airlines;

h.  For an Order awarding the costs of this action;

i.  For an Order awarding attorneys' fees;

j. For an Order awarding Plaintiff White service awards as permitted by law;

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 18, 2023

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Counsel for Plaintiff and the Putative Collective Members***